UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

TYRONE HINES,

Defendant.

Criminal No. 10-cr-150-01 (CKK)

MEMORANDUM OPINION
(October 15, 2014)

Defendant Tyrone Hines was convicted at trial of one count of Bank Robbery and two counts of Attempted Bank Robbery. Mr. Hines was sentenced to a term of 132 months incarceration for each of the offenses, with the terms to run concurrently, followed by three years of supervised release with conditions. Presently before the Court is Mr. Hines' *pro se* [88] Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c),[1] which the Government opposes. Mr. Hines raises two specific objections to his sentence: (1) the Court should not have included a two-point enhancement based on the finding that Mr. Hines provided materially false information during his testimony at an evidentiary hearing; and (2) the Court should not have classified Mr. Hines as a career offender. Upon consideration of the pleadings,[2] the relevant legal authorities, and the record as a whole, the Court finds Mr. Hines is ineligible for a reduction of his sentence pursuant to section 3582(c). Accordingly, Mr. Hines' motion is DENIED.

**I. BACKGROUND**

Mr. Hines was charged by indictment with one count of Bank Robbery in violation of 18

---

[1] The Court granted leave for a letter sent by Defendant to chambers to be filed as a Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c), as requested by Defendant. *See* Def.'s Mot. at 3, ECF No. [88].

[2] Def.'s Mot., ECF No. [88]; Gov't's Opp'n, ECF No. [91].

U.S.C. § 2113(a) (count one), and two counts of Attempted Bank Robbery in violation of 18 U.S.C. § 2113(a) (counts two and three). Indictment, ECF No. [9]. Following a jury trial, Mr. Hines was found guilty on all three counts. Verdict Form, ECF No. [43].

At sentencing, the Court expressly adopted the Final Presentence Investigation Report as written. Transcript of Sentencing Hearing at 25:4, Cr. No. 10-50-01 (D.D.C. Mar. 30, 2011). For sentencing purposes, Mr. Hines' base offense level was 29 with a criminal history category of V. Final Presentence Investigation Report ("PSR") ¶ 121, ECF No. [59]. This included a two-level adjustment to Mr. Hines' base offense level for obstruction of justice as a result of the Court's finding that Mr. Hines provided materially false information during a suppression hearing. *Id.* ¶ 29. Mr. Hines had a total of 11 criminal history points, establishing his criminal history category of V. *Id.* ¶ 68. Mr. Hines' 11 criminal history points were calculated as follows:

1. <u>Three points</u> based on a conviction on June 19, 2009, of attempted robbery in the Superior Court of the District of Columbia (2002-FEL-2514), *id.* ¶ 62;

2. <u>One point</u> based on convictions on August 1, 2006, of petit larceny in the Commonwealth of Virginia's Fairfax County General District Court (GC06065171-00 and GC06065173-00), *id.* ¶ 63;

3. <u>Two points</u> based on convictions on April 24, 2008, of forgery, obtaining money under false pretense, and uttering and delivering a forged check in the Commonwealth of Virginia's Prince William County Circuit Court (CR66289, CR66290, and CR66291), *id.* ¶ 64;

4. <u>Three points</u> based on convictions on November 7, 2008, of uttering and delivering a forged check and attempting to obtain money under false pretense in the Commonwealth of Virginia's Fairfax County Circuit Court (FE-2008-1042), *id.* ¶ 65; and

5. <u>Two points</u> based on the fact that Mr. Hines was under a criminal justice sentence for the sentences imposed on April 24, 2008, in Prince William County, and on November 7, 2008, in Fairfax County, at the time that he committed the offenses in the instant action, *id.* ¶ 67.

Accordingly, Mr. Hines' applicable guideline range was 140 to 175 months. *Id.* ¶ 121. The Court found Mr. Hines was eligible for a sentence below the advisory guideline range, and sentenced Mr. Hines to 132 months of incarceration on March 30, 2011. The Court imposed a sentence below the guideline range: due to the nature and circumstances of the offense and the history and characteristics of Defendant pursuant to 18 U.S.C. § 3553(a)(1); in order to provide Defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner pursuant to 18 U.S.C. § 3553(a)(2)(D); and in order to provide restitution to victims of the offense pursuant to 18 U.S.C. § 3553(a)(7). Further, the Court noted that Mr. Hines went to trial and did not testify. At sentencing, he expressed remorse and some acceptance of responsibility for his crimes. Mr. Hines appealed his conviction and sentence, both of which were affirmed by the United States Court of Appeals for the District of Columbia Circuit on October 2, 2012. *See United States v. Hines*, 694 F.3d 112 (D.C. Cir. 2012). Mr. Hines now moves to reduce his sentence pursuant to 18 U.S.C. § 3582(c).

## II. DISCUSSION

Generally, a federal court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 819 (2010). However, section 3582(c) of Title 18 of the United States Code provides three exceptions to this general rule. Specifically, the Court is authorized to modify a term of imprisonment once imposed only under one of these circumstances: (1) upon motion by the Director of the Bureau of Prisons; (2) when expressly permitted by statute or Federal Rule of Criminal Procedure 35; or (3) where the applicable sentencing guideline range has been retroactively lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)-(2). None of these scenarios are applicable

3

here and, accordingly, the Court must deny Mr. Hines' request.

First, it is apparent from the record that the Director of the Bureau of Prisons has not filed a motion requesting that Mr. Hines' sentence be reduced. Second, the Court is not expressly permitted by statute or Federal Rule of Criminal Procedure 35 to reduce Mr. Hines' sentence. Mr. Hines has not pointed to any statutory provision that would allow the Court to reduce his sentence. Further, Federal Rule of Criminal Procedure 35 only authorizes the reduction of a sentence within 14 days of sentencing to correct a clear error, or upon motion of the Government if Defendant, after sentencing, provided substantial assistance to the Government. Fed. R. Crim. Proc. 35(a)-(b). Neither of the provisions of Rule 35 is applicable here.

Finally, the sentencing guideline range used to calculate Mr. Hines' sentence has not been retroactively lowered since his sentencing. Mr. Hines was sentenced based on calculations derived from the 2010 version of the United States Sentencing Commission's *Guidelines Manual* ("U.S.S.G."). Specifically, U.S.S.G. § 2B3.1, the section covering robbery, was applicable to all three of charges upon which Mr. Hines was convicted and there have been no substantive changes to this provision of the U.S.S.G. since Mr. Hines' sentencing.[3] Apparently relying on precedent for reducing sentences based on retroactive changes to the guideline range, Mr. Hines cites to the Supreme Court of the United States' decision in *Freeman v. United States*, -- U.S. --, 131 S. Ct. 2685 (2011), as support for his argument. Unlike in the instant action, the Court in *Freeman* addressed the issue of whether a defendant who accepted a plea agreement that recommended a particular sentence as a condition of the plea could have his or her sentence

---

[3] As the Government notes, there has been only one slight modification to U.S.S.G. § 2B3.1 since the time of the first bank robbery that was the subject of Mr. Hines' conviction. Def.'s Opp'n at 6. On November 1, 2010, the Sentencing Commission amended U.S.S.G. § 2B3.1 to correct a typographical error by changing the signal to one subsection from (d) to (D). U.S.S.G. App. C, amends. 746.

reduced if the Sentencing Commission subsequently retroactively lowered the applicable sentencing guideline range.[4] *Id.* at 2690. Ultimately, the Court held that the retroactive reduction in the sentencing guideline range was applicable to the defendant's sentence. *Id.* However, *Freeman* is not relevant to the Court's analysis in the instant action because, here, the applicable section of the Sentencing Guidelines related to his conviction has not been retroactively lowered. Accordingly, there is no valid basis for the Court to reduce Mr. Hines' sentence pursuant to 18 U.S.C. § 3582(c).

Although the Court has found that Mr. Hines is ineligible for a sentence reduction, the Court shall briefly address Mr. Hines' two specific objections to his sentence: (1) that the Court should not have included a two-point enhancement based on its finding that Mr. Hines provided materially false information during his testimony at an evidentiary hearing; and (2) that the Court should not have classified him as a career offender. The Court shall address each in turn.

At the sentencing hearing, the Court made extensive findings that Mr. Hines deliberately lied under oath during a suppression hearing when he testified that he was interviewed by and confessed to police on March 10, rather than March 9, 2010. Transcript of Sentencing Hearing at 13:16—23:20, Cr. No. 10-50-01 (D.D.C. Mar. 30, 2011). As a result, the Court imposed a two-point enhancement to Mr. Hines' sentence for obstruction of justice pursuant to U.S.S.G. § 3C1.1. Mr. Hines contends that this enhancement was improper because Mr. Hines was never

---

[4] The defendant in *Freeman* pled guilty to possession with intent to distribute cocaine base. *Id.* at 2691. Three years after sentencing, the Sentencing Commission retroactively amended the Guidelines to remedy the disparity between penalties for cocaine base and powder cocaine offenses. *Id.* Mr. Hines in his motion cites to Amendment 706 of the Sentencing Guidelines which is the retroactive change at issue in *Freeman*. *See* Def.'s Mot. at 3. In the instant action, Mr. Hines was charged with bank robbery and attempted bank robbery, not possession of crack cocaine or any other controlled substances and, accordingly, this Amendment to the Guidelines is not applicable to Mr. Hines' sentence. *See generally* U.S.S.G. App. C, amends. 706.

charged with perjury as a result of his testimony at issue.[5] Pl.'s Mot. at 1. The plain language of the Application Notes of U.S.S.G. § 3C1.1 makes clear that Mr. Hines may be subject to the obstruction of justice enhancement even though he is never separately charged with perjury. *See* U.S.S.G. § 3C1.1 cmt n.5, 8 (2010) (distinguishing the application of the obstruction of justice enhancement in cases where defendant is separately charged with perjury stemming from the same conduct). The Court further notes that the imposition of the obstruction of justice enhancement was raised on appeal and the D.C. Circuit upheld this Court's ruling. *See United States v. Hines*, 694 F.3d 112, 122-23 (D.C. Cir. 2012).

Mr. Hines further argues that his sentence is incorrect because he is not a career offender. Under U.S.S.G. § 4B1.1 (2010), the Court may apply a heightened offense level and calculate the defendant's criminal history category as a VI if the defendant meets the definition of a career offender. However, it is the clear from the record that the Court did not classify Mr. Hines as a career offender nor did the Court calculate his sentence as such.

At the Court's request, the Probation Office completed a criminal history calculation and specifically determined that Mr. Hines did not meet the definition of a career offender on July 15, 2010. *See* Probation Memo. ¶ 25, ECF No. [18]. Based on this finding, Mr. Hines' sentence was not adjusted on the basis that he was a career offender under U.S.S.G. § 4B1.1 (2010). Instead, the Court expressly adopted the calculation in the Final Presentence Investigation

---

[5] To the extent that Mr. Hines argues that the obstruction of justice enhancement was inappropriately applied to his sentence because the Government never established where Mr. Hines was between March 9, and March 10, 2010, Pl.'s Mot. at 1, the Court finds that this argument is without merit. The Court made extensive findings based on the evidence both at the suppression hearing prior to trial and at sentencing that Mr. Hines' interview with and confession to police occurred on March 9, 2010, and not on March 10, 2010, contrary to Mr. Hines' testimony. Transcript of Sentencing Hearing at 14:21-25, 20:21—21:13, Cr. No. 10-50-01 (D.D.C. Mar. 30, 2011); Transcript of Status Hearing at 2:18—20:9, Cr. No. 10-50-01 (D.D.C. Aug. 11, 2011). .

Report, that Mr. Hines' base offense level was 29 with a criminal history category of V. PSR ¶ 121; Transcript of Sentencing Hearing at 24:13-14, Cr. No. 10-50-01 (D.D.C. Mar. 30, 2011). If the Court had found that Mr. Hines was a career offender and adjusted his sentence pursuant to U.S.S.G. § 4B1.1(b), his offense level would have been calculated starting at a 32 with a criminal history category of VI.[6] Accordingly, the Court finds that Mr. Hines' argument fails because his sentence was not calculated based on a finding that he was a career offender.

### III. CONCLUSION

For the foregoing reasons, the Court finds Mr. Hines is not eligible for a reduction of his current sentence. Mr. Hines is ineligible for a sentencing reduction because he does not meet the criteria as laid out in 18 U.S.C. § 3582(c). Further, Mr. Hines' arguments that the Court should not have included a two-point enhancement for obstruction of justice and that the Court should not have classified Mr. Hines as a career offender are without merit. Accordingly, Mr. Hines' [88] Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c) is DENIED. An appropriate Order accompanies this Memorandum Opinion.

                                                     */s/*
                                        **COLLEEN KOLLAR-KOTELLY**
                                        UNITED STATES DISTRICT JUDGE

---

[6] The maximum term of imprisonment in the instant action was 20 years. PSR ¶ 120. Pursuant to U.S.S.G. § 4B1.1, an offense level of 32 applies to convictions with an offense statutory maximum of 20 years, and a criminal history category of VI is applicable to all cases in which the defendant is found to be a career offender.