UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal Action No. 10-150 (CKK) |
| | ) | |
| TYRONE HINES, | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION
(August 2, 2019)

On January 22, 2019, this Court granted leave for *pro se* Defendant to file his [94] Letter to the Court which references "prison reform" and asserts a claim for entitlement to additional "good time" credit to reduce his sentence. The Government responded to the Defendant's Letter with a [98] Motion to Dismiss. The Government asserts that Defendant's claim should be construed as a petition for writ of habeas corpus, which should be dismissed without prejudice for Defendant to re-file his claim in the Middle District of Pennsylvania because this Court does not have "personal jurisdiction over the only proper respondent, petitioner's custodian Ronnie R. Holt, the warden at USP-Allenwood where petitioner is incarcerated[.]" Gov't Mot.. ECF No. 98, at 1. This Court agrees that Defendant's Letter should be construed as a Petition for writ of habeas corpus, and as such, this Court has no jurisdiction over the respondent warden at USP-Allenwood. Accordingly, the Petition shall be dismissed without prejudice so that Defendant/Petitioner may re-file it in the United States District Court for the Middle District of Pennsylvanian. A separate Order accompanies this Memorandum Opinion.

1

Background

On October 28, 2010, Defendant/Petitioner Tyrone Hines ("Mr. Hines") was found guilty by jury verdict of one count of Bank Robbery and two counts of Attempted Bank Robbery. *See* Verdict Form, ECF No. 43. Mr. Hines was sentenced to a 132-month term of incarceration on each offense, to run concurrently, followed by three years of supervised release. Mr. Hines' conviction and sentence were affirmed on appeal. *See* Mandate of the United States Court for the District of Columbia, ECF No. 85. Mr. Hines moved subsequently to reduce his sentence, but that motion was denied by this Court. October 15, 2014 Order and Memorandum Opinion, ECF Nos. 92, 93. Defendant has now moved for a reduction of his sentence pursuant to the First Step Act of 2018 (the "Act"), Pub. L. No. 115-391, 132 Stat. 5194. The Act amends the good time credit provision, with Section 102(b)(1)(A) of the Act amending 18 U.S.C. § 3624(b) to provide that a prisoner "may receive credit towards the service of the prisoner's sentence of up to 54 days for each year of the prisoner's sentence imposed by the court." First Step Act § 102 (b)(1)(A). The effective date of the amendment relies upon "the date that the Attorney General completes and releases the risk and needs assessment system . . . added by section 101(a)." *Id.* § 102 (b)(2).[1]

Analysis

Mr. Hines' claim that he is entitled to additional good time credit relates to the execution of his sentence and affects the duration of his confinement, and accordingly, his claim must be raised through a petition for writ of habeas corpus. *See Davis v. U.S. Sentencing Comm'n*, 716 F. 3d 660, 662 (D.C. Cir. 2013) ("channel[ing] state prisoners' claims for relief – however styled - into habeas alone if the prisoners seek a remedy that is at the core of habeas.") (citation and internal quotation marks omitted); *see also Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973) (finding that

---

[1] On July 19, 2019, Attorney General William Barr released and published a risk and needs assessment system.

habeas is the exclusive remedy for a state prisoner challenging deprivation of good time credits). The Court of Appeals for the District of Columbia Circuit extended the habeas channeling rule to claims by federal prisoners. *See Chatman-Bey v. Thornburgh*, 864 F. 2d 804, 808-10 (D.C. Cir. 1988) (*en* banc) (habeas corpus is the exclusive remedy for a federal prisoner challenging his parole eligibility date). The habeas channeling rule was quite broad originally insofar as habeas was the exclusive remedy for a federal prisoner bringing any claim that would have a 'probabilistic impact' upon the duration of his custody. *Razzoli v. Federal Bureau of Prisons*, 230 F. 3d 371, 373 (D.C. Cir. 2000). This Circuit has narrowed the rule in light of recent Supreme Court decisions, with the effect that "a federal prisoner need bring his claim in habeas only if success on the merits will 'necessarily imply the invalidity of confinement or shorten its duration.'" *Davis*, 716 F. 3d at 666 (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)). In *Davis*, which overruled *Razzoli*, 230 F.3d 371, the Court noted that the narrower rule "channel[s] into habeas only claims that would guarantee a speedier release from prison." *Id.* at 665.

In the instant case, Mr. Hines' assertion that he is entitled to an (2711 immediate) early release should be construed as a habeas claim. *Compare Shipp v. Hurwitz*, Civil Action No. 19-1733, 2019 WL 2996541 (D.D.C. July 9, 2019) (where Plaintiff inmate sought to compel Defendant Bureau of Prisons ("BOP") to recalculate available good time credit for all inmates in BOP custody, the Honorable Rudolph Contreras found that Plaintiff was not required to bring his Administrative Procedures Act challenge as a habeas petition because success on the merits only entitled Plaintiff to have the BOP recalculate his good time credits and would not "guarantee a speedier release from prison.")

Construing Mr. Hines' claim as a habeas claim, this Court is without personal jurisdiction over the proper respondent in this matter; *i.e.*, the prisoner's custodian, which is typically the warden of the institution in which the prisoner is incarcerated. *Rumsfield v. Padilla*, 124 S. Ct.

3

2711, 2713 (2004) (the proper respondent in a federal habeas action is the custodian of the prisoner.")  A court may not award habeas unless it has personal jurisdiction over the custodian of the prisoner.  *Stokes v. U.S. Parole Commission*, 374 F.3d 1235, 1239 (D.C. Cir. 2004) (A district court may not entertain a habeas petition "unless the respondent custodian is within its territorial jurisdiction."); *In re Tripati*, 836 F. 2d 1406, 1407 (D.C. Cir. 1988) ("A habeas petition may be adjudicated only in the district in which [petitioner's] immediate custodian, his warden, is located.")

In this case, Mr. Hines is incarcerated at USP-Allenwood, in Pennsylvania, and Mr. Ronnie R. Holt is the custodian/warden of that facility. Accordingly, this Court will grant the Government's [98] Motion to Dismiss Mr. Hines' Petition.  The Petition is dismissed without prejudice to Mr. Hines re-filing a petition in the proper venue against the proper respondent.

_____/s/_____
COLLEEN KOLLAR-KOTELLY
UNITED STATES DISTRICT JUDGE